IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROSA SERRANO,<br>    Petitioner,<br><br>v.<br><br>EL PASO COUNTY COURT AT LAW<br>NUMBER SEVEN and EL PASO<br>COUNTY SHERIFF RICHARD WILES,<br>    Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-16-CV-409-DCG |

## MEMORANDUM OPINION AND ORDER

Rosa Serrano, proceeding *pro se* but not *in forma pauperis*, challenges three contempt orders, entered by County Court at Law Number Seven in El Paso County, Texas, requiring her confinement in the El Paso County Jail, through a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  The County Court issued the contempt orders in civil cases involving disputes over real property located in El Paso County, Texas.  The cases involved Serrano, doing business as the Lens Factory, and Pellicano Business Park, L.L.C., Old Republic National Title Insurance, and City Bank Texas, N.A.  The County Court ordered Serrano to serve three days in cause number 2012-DCV06341, fifteen days in cause number 2015-DCV1079, and seventy-five days in cause number 2012-DCV06341, after she failed to comply with its orders.

In her petition, Serrano asserts the County Court violated her Sixth and Fourteenth Amendment rights when she "was not assigned legal counsel" for her defense at her criminal

---

[1] *See also* Mem. Op. & Order, July 5, 2016, ECF No. 6, *Serrano v. Wiles*, EP-16-CV-190-DCG (W.D. Tex.).

-1-

contempt hearing.[2] She claims her commitment orders are "pending" in the County Court.[3] Serrano asks the Court to "vacate" the contempt and sanction orders entered in these cases.[4] She also asks the Court to vacate a temporary injunction issued by the County Court in cause number 2012-DCV-06341.[5]

## APPLICABLE LAW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[6] They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[7] Moreover, "[f]ederal courts, both trial and appellate, have a continuing obligation to examine the basis for jurisdiction."[8] Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction

---

[2] Pet'r's Third Pet. 7, Sept. 12, 2016, ECF No. 1. *See In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir. 1980) ("The conclusive, most important factor in distinguishing civil and criminal contempt is the purpose of the contempt judgment. If its purpose is to coerce the contemnor into compliance with the court's order or to compensate the complainant for losses sustained, then the proceeding is civil. On the other hand, if its purpose is to punish or to vindicate the authority of the court, then the proceeding is criminal.") (citations omitted).

[3] *Id.* at 4.

[4] *Id.* at 8.

[5] Pet'r's Mot. to Vacate Temp. Inj., Sept. 19, 2016, ECF No. 2.

[6] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[7] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[8] *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

over the subject matter."[9]  Accordingly, a court may *sua sponte* raise the jurisdictional issue at any time.[10]

"Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that ... federal courts should abstain from the exercise of ... jurisdiction if the issues raised in the petition may be resolved ... by other state procedures available to the petitioner."[11]  The courts developed this exhaustion requirement "to protect the state courts' opportunity to confront and resolve initially any ... issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."[12]  The requirement furthers the principle of comity by allowing the state courts the first opportunity to determine whether the petitioner's constitutional rights have been violated.[13]

Section 2254 allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[14]  As a prerequisite to obtaining § 2254 relief, a prisoner must exhaust all remedies available in the state system.[15]  This exhaustion requirement reflects a policy of federal-state comity "designed to give

---

[9] Fed. R. Civ. P. 12(h)(3).

[10] *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir. 1999).

[11] *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987).

[12] *Id.*

[13] *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

[14] 28 U.S.C. § 2254(a) (2012).

[15] *Id.* § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999) ("Applicants

the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[16]  It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."[17]  A petitioner satisfies the exhaustion requirement when she presents the substance of her habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.[18]

In Texas, the only method to challenge a contempt order if the contemnor is confined and if the matter stems from a civil law matter is through an original habeas corpus proceeding in the Texas Supreme Court or Courts of Appeals.[19]  The Texas Supreme Court has jurisdiction to issue writs of habeas corpus in civil matters pursuant to Texas Constitution Article V, § 3, and Texas Government Code § 22.002(e).  Concurrently with the Texas Supreme Court, Courts of Appeals have jurisdiction to issue such writs pursuant to Texas Government Code § 22.221(d).

## ANALYSIS

Serrano brings the instant cause pursuant to 28 U.S.C. § 2254.  She asserts the County Court violated her Sixth and Fourteenth Amendment rights when she "was not assigned legal

---

seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.").

[16] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)).

[17] *Ex Parte Royall*, 117 U.S. 241, 251 (1886).

[18] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

[19] *See* Tex. R. App. P. 52.1.

counsel" for her defense at her criminal contempt hearing.[20] She asks the Court to "vacate" the contempt and sanction orders entered in these cases.[21] She also asks the Court to vacate a temporary injunction issued by the County Court in cause number 2012-DCV-06341.[22]

As the Court noted above, federal district courts have jurisdiction to entertain petitions under § 2254 only from persons who are "*in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."[23] Serrano concedes her commitment order is "pending" and she is not *in custody*.[24]

Serrano filed two state applications for a writ of habeas corpus.[25] Notably, she did not

---

[20] Pet'r's Third Pet. 7, Sept. 12, 2016, ECF No. 1. See *Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (holding in an original Texas Supreme Court proceeding that a contempt order was "unenforceable because the trial court did not inform relator of her right to counsel when she appeared *pro se* at the contempt hearing"); *In re McIntyre*, 730 S.W.2d 411, 415 (Tex. App.—San Antonio 1987, orig. proceeding) ("While the better procedure at a contempt hearing would be for the judge to advise all contemnors of their right to counsel when they appear pro se at the contempt hearing and obtain a waiver of counsel for the record, the record clearly establishes that relator was aware of his right to be represented by an attorney at the hearing and that he was not indigent."). *See also* Supporting Case Law, Sept 12, 2016, ECF No. 1-1, p. 41 (Order Granting Temp. Inj., Nov. 7, 2014, Cause No. 2012-DCV06341, ("Given the fact that Rosa Serrano is not a licensed attorney and, therefore, might not have fully understood the legal ramifications of the Order Concerning Constitutional Lien issued by this Court on August 27, 2014, no fine or other punishment shall be imposed at this time, but any future violation of this Temporary Injunction shall be punishable pursuant to Texas Government Code, Article 21.002(b).")).

[21] *Id.* at 8.

[22] Pet'r's Mot. to Vacate Temp. Inj., Sept. 19, 2016, ECF No. 2.

[23] 28 U.S.C. § 2254(a) (2012) (emphasis added); *see also Lackawanna County Dist. Att'y. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

[24] Pet'r's Third Pet. 4, Sept. 12, 2016, ECF No. 1.

[25] *See* Pet'r's Pet., Sept. 16, 2015, *In re Serrano*, No. 08-15-00285-CV (Tex. App.—El Paso); Pet'r's Pet., Aug. 17, 2015, *In re Serrano*, No. 08-15-00269-CV (Tex. App.—El Paso).

raise an issue concerning counsel in either application.  The Eight Court of Appeals denied both motions because she did not present them in a procedurally proper manner.[26]

Further, on June 3, 2016, Serrano filed a petition for a writ of mandamus in the Eighth Court of Appeals.[27]  She alleged the County Court erred "in denying" her "request for legal counsel" at her criminal contempt proceedings.[28]  The Eighth Court denied the petition, explaining "[w]hen a contempt order imposes confinement in jail as punishment for violation of a court's prior order, mandamus review is unavailable, and the relator must instead file a petition for writ of habeas corpus."[29]

In sum, Serrano has not been taken into custody.  She has not exhausted her claims through a petition for a writ of habeas corpus in a procedurally proper manner in a state court.  Therefore, the Court lacks the subject matter jurisdiction to address her claims pursuant to § 2254.

Finally, in *Younger v. Harris*, the Supreme Court directed federal courts to refrain from enjoining state criminal prosecutions.[30]  The Supreme Court later extended federal-court abstention to "state civil proceedings … that implicate a State's interest in enforcing the orders and

---

[26] *See* Mem. Op., Sept. 23, 2015, *In re Serrano*, No. 08-15-00285-CV (Tex. App.—El Paso); Op., Aug. 19, 2015, *In re Serrano*, No. 08-15-00269-CV (Tex. App.—El Paso);.

[27] *In re Serrano*, 08-16-00110-CV (Tex. App.—El Paso).  *See* http://www.txcourts.gov/8thcoa.aspx (search for 08-16-00110-CV), last visited Sept. 30, 2016.

[28] Pet. for Writ of Mandamus, June 3, 2016, *In re Serrano*, 08-16-00110-CV (Tex. App.—El Paso).

[29] Memorandum Opinion, Aug. 17, 2016, *In re Serrano*, 08-16-00110-CV (Tex. App.—El Paso).

[30] *Younger v. Harris*, 401 U.S. 37, 53 (1971).

judgments of its courts."[31]  Serrano's contempt proceedings implicate the County Court's interest in enforcing its orders.  The Court should accordingly abstain from enjoining the proceedings.

## CONCLUSION AND ORDERS

The Court finds that Serrano has not met the preconditions for filing a petition for a writ of habeas corpus under § 2254.  It concludes, therefore, it should dismiss Serrano's petition for lack of jurisdiction.  Additionally, the Court concludes it should deny Serrano a certificate of appealability.[32]  The Court, therefore, enters the following orders:

**IT IS ORDERED** that Serrano's second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Serrano is **DENIED** a certificate of appealability.

**IT IS ALSO ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this 30th day of September, 2016.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[31] *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

[32] *See* 28 U.S.C. foll. § 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).